UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAMAR VERNEST NEIL GRISSETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:15-CR-121 |
| | ) | 2:17-CV-130 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the motion of Jamar Vernest Neil Grissett ("Petitioner"), a federal inmate, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, [Doc. 97].[1] The United States has responded in opposition, [Doc. 102], and Petitioner has replied, [Doc. 103]. Also pending is Petitioner's motion for summary judgment, [Doc. 104]. The United States has not responded to the motion for summary judgment. Because the records and files of the case conclusively establish that Petitioner is not entitled to relief under §2255, no evidentiary hearing is necessary. The motion for summary judgment will be DENIED and, for the reasons which follow, the Court finds Petitioner's § 2255 motion meritless and it will likewise be DENIED and DISMISSED with prejudice.

**I. Procedural and Factual Background**

Petitioner was charged in a criminal complaint filed on October 6, 2015, with distribution of 28 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), [Doc. 3]. Petitioner made an initial appearance before the magistrate judge, executed an affidavit of indigency, and Mark S. Hanor was appointed to represent Petitioner pursuant to the

---
[1] All document references are to docket numbers in No. 2:15-CR-121.

1

Criminal Justice Act, [Docs. 4, 5, 6]. Petitioner was ordered detained, [Doc. 9]. On October 15, 2015, a federal grand jury returned an indictment charging Petitioner and Ashley Martisha Grissett in Count One with conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and in Count Two with distribution of crack in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), [Doc. 14]. Petitioner was charged individually in Counts Three–Six with distribution of crack on various dates, [*Id*.]. Ashley Grissett was arrested in the Northern District of Georgia on April 27, 2016, [Doc. 16], brought to this district and, after initial appearance, arraignment, and the appointment of counsel, ordered detained, [Docs. 17, 20].

An order on scheduling and discovery was entered by the magistrate judge on May 12, 2016, [Doc. 21], ordering the government to comply with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure. Trial was set for June 29, 2016, [Doc. 17]. The trial was later continued upon motion of Ashley Grissett to September 14, 2016, [Docs. 31, 35]. On August 5, 2016, a negotiated plea agreement between Petitioner and the United States was filed, [Doc. 36], in which the Petitioner agreed to plead guilty to Count One and the United States agreed to dismiss all other counts, *see also* [Doc. 38, Am. Plea Agreement]. Petitioner pled guilty to Count One on August 17, 2016, a presentence investigation report ("PSR") was ordered, and sentencing was scheduled for November 21, 2016, [Doc. 40].

The PSR was disclosed on October 14, 2016, [Doc. 54]. Petitioner's base offense level was determined to be 34 pursuant to USSG § 2D1.1(c)(3) based upon a stipulated quantity for which he was to be held accountable of at least 2.8 kilograms, but less than 8.4 kilograms, of cocaine base, [Doc. 54 ¶ 40, 47]. Two levels were added to the offense level for maintaining a premises for the purpose of manufacturing or distributing a controlled substance pursuant to USSG § 2D1.1(b)(12),

[*Id*. ¶ 41, 48]. After a reduction of three levels in the offense level for acceptance of responsibility pursuant to USSG §§ 3E1.1(a) & (b), the total offense level was 33, [*Id*. ¶¶ 54, 55, 56]. Petitioner's criminal history category was III, resulting in an advisory guidelines range of 168 months to 210 months imprisonment and a statutory range of a 10-year mandatory minimum to life imprisonment, [*Id*. at ¶¶ 96, 97].

Petitioner was sentenced on December 14, 2016, to 168 months of imprisonment, the bottom of the guideline range, [Doc. 70], and judgment was entered on December 16, 2016, [Doc. 71]. No direct appeal was filed. The pending motion was then timely filed on August 3, 2017.

## II. Standard of Review

This Court must vacate and set aside Petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. §2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the §2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255

3

because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir. 1978), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, a petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III. Analysis and Discussion

Petitioner raises a single claim of ineffective assistance of counsel in his § 2255 motion. He offers the following as "Supporting Facts": "Trial counsel was ineffective in failing to fully inform and advise Movant to 'available options' pre-indictment, beginning at the juncture in the pre-indictment phase were [sic] the right to counsel guaranteed by the Sixth Amendment of the United States Constitution begun to attach. Counsel was also ineffective in failing to explain the advantages and disadvantages in exercising or not exercising the 'available options' pre-indictment, and the effects each option would have or not have on the movant's eventual sentence or sentencing exposures." [Doc. 97 at 4]. Petitioner does not identify the "available options" in his motion but he clarifies somewhat in his memorandum in support of the motion. He appears to

4

fault counsel's performance in two specifics, i.e., 1) not informing him he could waive prosecution by indictment, and 2) not informing him of the possibility of pleading guilty to the criminal complaint. [Doc. 98 at 2]. He more succinctly states the nature of his claim in his reply to the government's response: "In sum, if the Movant had been advised of his available option to waive prosecution by indictment, per Fed. R. Crim. P. 7(b), and had exercised that option in a timely and diligent fashion (as the Movant asserts he would have), then the Government would have been limited to the lone offense and its penalty provision, and in this case 21 U.S.C. 841(a)(1) and 841(b)(1)(B)(5-40 sentencing range)." [Doc. 103 at 8].

Petitioner limits his claim to what he calls the "pre-indictment context," meaning the 8-day period between counsel's appointment on October 6, 2015, and the date of his indictment on October 15, 2015. [*Id.* at 1, 5]. So, this case boils down to a simple question: Was counsel ineffective and, if so, was Petitioner prejudiced in any way? Petitioner, in his motion for summary judgment, argues that the government has not disputed his allegation that counsel had a "reasonable duty to inform him of all his 'available options' in the pre-indictment phase." [Doc. 104 at 2]. But that is a rather unremarkable assertion. The real question was whether counsel was ineffective for not advising Petitioner to waive indictment and plead guilty to the criminal complaint within 8 days of his CJA appointment and without the benefit of any discovery (as noted above, the order requiring the government to provide discovery was not entered until May 12, 2016, seven months after the grand jury's return of the indictment). Petitioner's whole argument on ineffectiveness of counsel is premised on the assertion that, had he waived indictment and pleaded guilty to the criminal complaint, the United States could not have brought "greater charges" and he "could have avioded [sic] a greater sentencing range." His argument, however, is flawed.

5

A criminal prosecution may be initiated with a complaint sworn before a magistrate judge which contains "a written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 3. Rule 5.1 then requires a preliminary hearing "within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody and no later than 21 days if not in custody," unless the defendant waives the hearing, is indicted, or the government files an information. Fed. R. Crim. P. 5.1(a) & (c). A felony offense "must be prosecuted by an indictment." Fed. R. Crim. P. 7(a)(1). A felony offense, however, "*may* be prosecuted by information, if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment." Fed. R. Crim. P. 7(b) (emphasis added). Petitioner claims that, by waiving indictment, he could have required the government to file an information, rather than seek an indictment, charging him only with the offense stated in the criminal complaint, thus preventing the government from prosecuting him for other more serious offenses, if only he had been advised of the option. Nothing in the Rules or in case law supports Petitioner's assertion.

First of all, Rule 7(b) is clearly permissive. Upon a defendant's waiver, the government "*may*," file an information, but is not required to do so. Nothing in the rule prevents the government instead from presenting the case to a grand jury and seeking an indictment. It is clearly the government's choice and defendant may not limit that choice by waiving an indictment.[2] And, even if the government was required to file the information, nothing prevents it from including other charges, including for greater offenses. In other words, no rule limits the government to the exact charge stated in the criminal complaint. Second, Petitioner has cited no case law to support

---

[2] The Petitioner argues that the government "has forfeited" its right to seek an indictment when it elects to initially file a criminal complaint and, going forward, "whether or not the prosecution is going to move forward under an indictment is squarely in a criminal defendant's wheelhouse," citing Rule 7(b). No rule, statute, or case holding, however, supports such a novel understanding.

6

his assertion, and the Court has been unable to find any. The only case cited by the Petitioner is inapposite. Petitioner relies on *Virgin Islands v. Bedford*, 671 F. 2d 758, 765 (3d Cir. 1981), arguing that the Third Circuit holding means that, once a defendant waives indictment, the criminal complaint/information cannot then be amended by charging anything other than a lesser included offense. In *Bedford*, the defendant had waived his right to indictment and the government had proceeded to trial after filing an information (nothing in the case suggests that the government was required to do so). The information charged assault with intent to commit robbery. After the proof was completed, the district court allowed the government to amend the information to charge assault in the third degree with a deadly weapon on the basis that it was a lesser-included offense. The Third Circuit held, however, that third degree assault with a deadly weapon was not a lesser included offense of the offense originally charged *but* affirmed the judgment of the district court because the amendment was not for an "additional or different charge" and Rule 7(e)[3] was not violated since defendant was not "surprised" or "would have changed his defense in any way." 671 F. 2d at 765-66. *See also United States v. Caruso*, 2012 WL 3288654 (E.D. N.Y. Aug. 8, 2012). This case simply does not stand for the position claimed by the Petitioner.

The failure of counsel to advise Petitioner that he could waive indictment and "freeze' the government in position—and the Court assumes such advice was not given—does not constitute ineffective assistance of counsel for several reasons. First, the advice would have been erroneous and itself ineffective. Second, even if the advice was arguably appropriate, counsel would likely have been ineffective in giving such advice without first reviewing discovery in the case. Petitioner appears to recognize as much when he alleges "that counsel, pursuant to Fed. R. Crim. P. 5 had some level of knowledge of what the discovery contained, as Rule 5 unavoidably

---

[3] Rule 7(e) states that an information may be amended at any time before a verdict, "[u]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced." Fed. R. Crim. P. 7(e).

discloses what is in the full discovery." [Doc. 98 at 3-4]. He also suggests that the United States Attorney's office "may [have] an office policy, directive or memorandum requiring or encouraging the disclosure of discoveries in certain, some or generally in all criminal cases, to criminal defense attorneys prior to formal indictment proceedings." [*Id*. at 4]. These allegations are conclusory and contain no factual support.

### IV. Conclusion

### IV. Conclusion

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** and his motion **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

A certificate of appealability should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473

(2000). Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of his claims was debatable or wrong. Therefore, the Court will **DENY** a certificate of appealability.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
